**UNITED STATES of America**

**v.**

**Maurice PLUMMER also known as Maurice Dion Williams**

**Maurice Plummer, Appellant.**

**No. 08–2371.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) March 24, 2009.

Opinion filed Aug. 13, 2009.

Donovan J. Cocas, Esq., Robert L. Eberhardt, Esq., Office of the United

States Attorney, Pittsburgh, PA, for United States of America.

R. Damien Schorr, Esq., Pittsburgh, PA, for Appellant.

Before: RENDELL, AMBRO, and JORDAN, Circuit Judges.

## OPINION

AMBRO, Circuit Judge.

Maurice Plummer pled guilty to three counts of an indictment: felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (two counts); and conspiracy to possess with intent to distribute more than 50 grams of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii) (one count). Plummer's plea agreement contains the usual waiver of appeal rights, with one exception he could appeal—whether, in connection with a motion to suppress the crack cocaine, his then-girlfriend (now wife) Brandi Smith[1] consented to a search of her apartment by law enforcement officers seeking to arrest him. In searching Smith's apartment for Plummer, the officers found the crack cocaine in plain view.

Plummer claims Smith's consent was coerced by several law enforcement officers showing up at her apartment door and telling Smith they had an arrest warrant for Plummer (in fact, they did). Moreover, Plummer contends that the Court erred by not considering how Smith herself perceived the officers' actions; thus it did not evaluate all the facts and circumstances involving the search. In this context, he concludes, the search was invalid and the crack cocaine should be suppressed.

The problem for Plummer is that Smith, on the advice of her counsel, would not testify at the suppression hearing without immunity from prosecution. The District Court denied that request after concluding that the extraordinary relief of immunity was not needed for Smith to testify on the limited issue of whether she consented to the search of her apartment for Plummer. Thus the only testimony before the Court at the suppression hearing was that of two police officers to the effect that Smith consented to the search.

Plummer's counsel on appeal perceives correctly that the consent issue is not joined until first he wins on the immunity request, for only then can he get in evidence that Smith did not consent freely to the search of her apartment. While the Government argues that appealing the denial of immunity "falls outside the lone specific exception to the appellate waiver [consent]," Gov't Br. at 12, we believe the immunity issue ties as a precondition to the consent exception. That said, we cannot say that the District Court's denial of immunity to Smith was an abuse of discretion, the standard Plummer concedes applies (Plummer's Br. at 2 & 9), as the Court's reasons for denying immunity to Smith are amply supported. See App. A–467–69.

For these reasons, we affirm the decision of the District Court denying Plummer's motion to suppress the crack cocaine evidence.

---

1. For identification purposes, we shall continue to refer to her as Smith rather than Plummer.